UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-81977-CIV-ZLOCH

FABIOLA ORTEGA-GUZMAN,

    Plaintiff,

vs.                                          **O R D E R**

SAM'S EAST, INC, d/b/a
SAM'S CLUB,

    Defendant.
_____/

THIS MATTER is before the Court upon Defendant's Motion In Limine To Limit Plaintiff's Treating Physician Testimony (DE 243) and Defendant's Motion In Limine To Exclude Argument Regarding Causation (DE 248). The Court has carefully reviewed said Motions, the entire court file and is otherwise fully advised in the premises.

## I. Background

Plaintiff Fabiola Ortega-Guzman (hereinafter "Plaintiff") brought the above-styled cause as a negligence action against Defendant Sam's East, Inc. (hereinafter "Defendant"), for injuries she allegedly suffered as the result of a slip and fall accident at Defendant's West Palm Beach store. By prior Order (DE 228), this Court struck a status letter from Dr. Roush that detailed Plaintiff's back injuries on the grounds that the letter was in fact a late disclosed expert report. Neither Dr. Roush nor any of Plaintiff's other treating physicians who have been disclosed as

witnesses have provided a timely expert report.

In this Order the Court addresses two Motions In Limine filed by Defendant. In Defendant's Motion In Limine To Limit Plaintiff's Treating Physician Testimony (DE 243), Defendant seeks to preclude Plaintiff's treating physicians from offering expert testimony on the grounds that Plaintiff has failed to provide proper 26(a) expert reports or disclosures. In Defendant's Motion In Limine To Exclude Argument Regarding Causation (DE 248), Defendant requests that Plaintiff be precluded from arguing at trial that her injuries were caused by the incident at the Sam's Club store because Plaintiff has no expert witness who can testify as to injury causation.

In her Responses (DE Nos. 271 & 248) to the instant Motions (DE Nos. 243 & 248), Plaintiff relies on the Court's Order (DE 260) in which the Court stated that in striking Dr. Roush's late disclosed expert report, see DE 228, it was not necessarily limiting Dr. Roush's testimony on causation or other matters. In said Order the Court stated that despite the lack of a 26(a)(2)(B) report, Dr. Roush's testimony regarding causation and other matters were not excluded to the extent that such matters arose from Plaintiff's treatment. However, the Court did not at that time determine if such matters were in fact within the scope of Plaintiff's treatment and the Court did not address the fact that Plaintiff has not provided a 26(a)(2)(C) disclosure for Dr. Roush.

The Court now addresses these issues as well as similar questions regarding Plaintiff's other treating physicians.

II. Defendant's Motion To Limit Physician Testimony (DE 243)

Federal Rule of Civil Procedure 26(a)(2) provides instructions to parties who wish to call an expert witness at trial.  A party who wishes to use an expert witness who is retained or employed for the purpose of testifying at trial must produce a written expert report.  Fed. R. Civ. P. 26(a)(2)(B).  Where a witness will provide expert testimony but is not specially retained or employed for the purpose of testifying at trial, a disclosure must be provided that states:

> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C).  The Advisory Committee Notes to the 2010 Amendment state that treating physicians are typically subject to 26(a)(2)(C).  However, to the extent that a treating physician testifies about matters beyond the scope of treatment, the physician functions as a retained or employed expert subject to 26(a)(2)(B).  See In re Denture Cream Products Liability Litigation, No. 09-2051-MD, 2012 WL 5199597, at *4 (S.D. Fla. Oct. 22, 2012)(differentiating between 26(a)(2)(B) and (C) provisions as they relate to physician witnesses).  Parties to a civil action are responsible for adhering to these rules: "[C]ompliance with the

3

requirements of Rule 26 is not merely aspirational." Reese v. Herbert, 527 F.3d 1253, 1266 (11th Cir. 2008)(citation omitted).

The Court notes that "[w]idely divergent views have developed in federal court about what opinions a treating physician normally forms during the course of treatment," and this divergence results in differing views on the concomitant application of 26(a) to treating physician witnesses. William P. Lynch, Doctoring the Testimony: Treating Physicians, Rule 26, and the Challenges of Causation Testimony, 33 Rev. Litig. 249, 273 (2014). This division can be seen in decisions by federal district courts in Florida.

Some courts have taken the position that "if a physician's opinion regarding causation or any other matter was formed and based on observations made during the course of treatment, then no [Rule 26(a)(2)(B)] report is required." Jones v. Discount Auto Parts, LLC, 6:16-cv-138-Orl-37KRS, 2017 WL 1396477, at *9 (M.D. Fla. April 19, 2017)(quoting Kondragunta v. Ace Doran Hauling & Rigging Co., No. 1:11-cv-01094, 2013 WL 1189493, at *12 (N.D. Ga. March 21, 2013)). Under this lenient approach, disclosures of treating physicians pursuant to 26(a)(2)(C) are enough to allow those physicians to testify about matters such as "causation, the need for continued treatment, and the reasonable cost thereof" where the physicians' opinions arise from the course of treatment. Guffey v. Dillard's, Inc., No. 3:14-cv-1469-J-32JBT, 2015 WL 12844949, at *3 (M.D. Fla. Dec. 29, 2015).

4

Other courts have taken a stricter approach, and held that "causation, prognosis, and/or future implications of the injury" are beyond the scope of treatment and that a treating physician testifying on such matters must produce a 26(a)(2)(B) report. Muzaffarr v. Ross Dress for Less, Inc., No. 12-61996-Civ, 2013 WL 3850848, at *1 (S.D. Fla. July 26, 2013)(citations omitted). See also Torres v. Walmart Stores East, L.P., No. 16-60984-CIV, 2017 WL 8780915, at *2 (S.D. Fla. June 9, 2017); Denture Cream, 2012 WL 5199597, at *5.

If the stricter approach to expert disclosures were applied to the above-styled cause, the testimony of Plaintiff's treating physicians would necessarily be significantly restricted because Plaintiff has produced no 26(a)(2)(B) reports. However, Plaintiff fares little better under the more lenient approach because she has provided only one 26(a)(2)(C) disclosure.

The single 26(a)(2)(C) disclosure that Plaintiff provided is for Dr. Sarner, Plaintiff's radiologist. See DE 271-3. Defendant argues that the disclosure is both untimely and insufficient. See DE 292. The Court's Order For Pre-Trial Conference (DE 11) did not provide a deadline specifically for 26(a)(2)(C) disclosures; therefore such disclosures must be submitted "at least 90 days before the date set for trial or for the case to be ready for trial." Fed. R. Civ. P. 26(a)(2)(D)(I). Under the current Scheduling Order (DE 162), the disclosure is timely filed. Though

5

timely, the Court agrees with Defendant's objections, as detailed herein, that it is a substantially deficient 26(a)(2)(C) disclosure for certain specific purposes.

In the Sarner disclosure, Plaintiff states that Dr. Sarner, Plaintiff's treating radiologist, will "render opinions regarding causation" of Plaintiff's spinal injury.  DE 271-3, pg. 1.  However, Defendant argues that "the disclosure fails to list a summary of the facts and opinions that Dr. Sarner relies upon" for his expected testimony.  DE 292, pg. 9 n.5.  This portion of the disclosure summarizes the facts and opinions to which Dr. Sarner is expected to testify:

> As an expert Dr. Sarner will opine that the Plaintiff has a protrusion herniation at the L4-L5, not simply a bulge, because the focal extension of disk material was beyond the vertebral body endplate whereas typically a bulge would be smooth with no edges and no focality. He would further opine that the herniation is more likely acute or subacute as the Plaintiff had a young spine, no significant degenerative changes in spine or degenerative disease, disk and at L4-L5 still fairly well hydrated.

DE 271-3, pg. 1.  The nature of Plaintiff's spinal injury and its acuteness are relevant to a determination of causation.  But, a summary of facts and opinions on these matters is not by itself a sufficient disclosure as to causation.  A 26(a)(2)(C) disclosure must include "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(ii).  The above summary does not indicate what Dr. Sarner's opinions are as to the actual physical causation of Plaintiff's injuries.

Indeed, the disclosure at no point indicates that Dr. Sarner would opine that Plaintiff's slip and fall has any connection to her injuries. Thus, the Sarner disclosure is not adequate for the purpose of permitting Dr. Sarner to testify as an expert on the issue of causation even if the Court were to hold that a 26(a)(2)(C) disclosure would allow for such testimony.[1] In addition, the disclosure does not at all address permanent injury and disability, impairment rating, or future care and costs. Thus, Dr. Sarner may testify as an expert, but only in accordance with the facts and opinions outlined in the disclosure summary.

With the exception of the Sarner disclosure, Plaintiff has provided no other 26(a) expert reports or disclosures, and she has not shown that their absence is justified or harmless. See Fed. R. Civ. P. 37(c)(1). The trial testimony of Plaintiff's treating physicians must be limited accordingly.

In the instant Motion (DE 243), Defendant requests that Plaintiff's experts "be precluded from providing expert testimony, including the answering of hypothetical questions and offering testimony regarding the review of other records, the review of Defendant's expert reports, causation, permanent injury and disability, impairment rating, and future care and costs." The Court will address each item.

---

[1] Because the Sarner disclosure is deficient, the Court need not determine if treating physician testimony on causation or other matters at issue requires a 26(a)(2)(B) report.

7

A topic that requires expertise or is beyond the scope of treatment cannot be the subject of treating physician testimony without appropriate reports or disclosures. A lay physician witness, like any other lay witness, may not testify about matters requiring expert "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. In regards to the answering of hypothetical questions, "the ability to answer hypothetical questions is '[t]he essential difference' between expert and lay witnesses," and a lay witness may not answer hypothetical questions. U.S. v. Henderson, 409 F.3d 1293, 1300 (11th Cir. 2005)(quoting Asplundh Mfg. Div. v. Benton Harbor Eng'g, 57 F.3d 1190, 1202 n.16 (3d Cir. 1995)). In regard to the review of external records, to the extent that such review is truly a part of a patient's treatment and does not involve a physician's expertise, it may conceivably be an acceptable topic for testimony by a treating physician acting as a lay witness. But, outside of these narrow bounds, testimony regarding or arising from the review of external records must be precluded. In addition, the review of an opposing party's expert reports, a determination of the permanence of injuries and disabilities, a patient's impairment rating, and a patient's need for future care and the cost of that care are all topics that necessarily implicate a physician's expertise or exceed the scope of treatment and cannot be subjects of testimony by a lay physician witness.

As to causation, the determination of injury causation is generally an expert task. The Court notes that a lay physician witness may potentially testify about causation where a determination of causation does not require expertise and is truly necessary to Plaintiff's treatment. See Carideo v. Whet Travel, Inc., No. 16-23658-CIV, 2018 WL 1367444, at *13 (S.D. Fla. March 16, 2018)("[D]octors could potentially be authorized to provide opinions at trial on causation if they needed to know what caused [plaintiff's] injuries to treat him.") A review of the record in the above-styled cause shows that this exception is not applicable here.

Plaintiff's treating physicians, with the exception of Dr. Sarner, are strictly lay witnesses and their testimony must be limited as provided above. Dr. Sarner may testify as an expert, but only regarding those topics that have been sufficiently disclosed. None of Plaintiff's treating physicians may testify regarding the causation of Plaintiff's injuries. To the extent provided herein, Defendant's Motion In Limine To Limit Plaintiff's Treating Physician Testimony (DE 243) is granted.

III. Defendant's Motion To Preclude Causation Argument (DE 248)

As the Court determined above in its resolution of Defendant's previous Motion (DE 243), none of Plaintiff's expert witnesses may testify regarding the causation of Plaintiff's injuries. Expert testimony is required to establish the causation of an injury

9

except where "the connection [between incident and injury] is a kind that would be obvious to laymen, such as a broken leg from being struck by an automobile." Jones v. Royal Carribean Cruises, Ltd., No. 12-20322-CIV, 2013 WL 8695361, at *6 (S.D. Fla. April, 4, 2013)(quoting Schmaltz v. Norfolk & Western Ry. Co., 896 F. Supp. 180, 182 (N.D. Ill. 1995)). Where expert testimony is required to establish a fact, the absence of such testimony necessarily precludes argument as to that fact.

In the above-styled cause, Plaintiff complains of several injuries. In her deposition, Plaintiff complained of injuries to her her left ankle, right knee, and back. See DE 52-2 at 74:15-21, 115:5-7, 119:24-120:1. Dr. Roush's review of Plaintiff's medical records shows that she also had pain in her right shoulder. See DE 165-6, pg. 4. Though some injuries are so obvious that expert testimony is not required to establish their causation, "[s]oft-tissue injuries, such as lower back difficulties, are not readily observable, and hence are not susceptible to evaluation by lay persons." Jones, 2013 WL 8695361, at *6 (quoting Vero Beach Care Center v. Ricks, 476 So. 2d 262, 264 n.1 (Fl. Ct. App. 1985)). Items on the record, such as the Sarner disclosure quoted herein, show that Plaintiff's back injury is not readily observable. Without expert testimony, Plaintiff cannot present an argument on the causation of her back injury. It remains possible that expert testimony is required to establish causation of Plaintiff's other

injuries. However, the Court will reserve on the instant Motion (DE 248) as to those other injuries and will address the matter at trial after the Court has heard further details about the specific nature of these injuries.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion In Limine To Limit Plaintiff's Treating Physician Testimony (DE 243) be and the same is hereby **GRANTED** in part and **DENIED** in part as provided herein;

2. Defendant's Motion In Limine To Exclude Argument Regarding Causation (DE 248) be and the same is hereby **GRANTED** to the extent that Plaintiff is precluded from offering argument at trial as to the causation of her back injury and is otherwise **DENIED** at this time, without prejudice, and to be revisited upon the introduction of additional evidence at trial as to the nature of Plaintiff's other injuries.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this      29th      day of August, 2018.

_____
WILLIAM J. ZLOCH
Sr. United States District Judge

Copies furnished:
All Counsel of Record