UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:16-CV-81977-ROSENBERG/REINHART

FABIOLA ORTEGA-GUZMAN,

    Plaintiff,

v.

SAM'S EAST, INC., *doing business as* SAM'S CLUB,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION IN LIMINE REGARDING PLAINTIFF'S TREATING PHYSICIAN THOMAS ROUSH, M.D.

This matter comes before the Court on Plaintiff's Motion in Limine Regarding Plaintiff's Treating Physician Thomas Roush, M.D. DE 493. The Motion is fully briefed. The Court has carefully reviewed the Motion, the Response and Reply thereto, and the record, and is otherwise fully advised in the premises. For the reasons set forth herein, Plaintiff's Motion in Limine is denied.

Plaintiff states that, in June 2019, a Florida state court determined that Dr. Roush gave false testimony during a personal injury trial, and the court used that false testimony as one of several bases to dismiss the case for fraud upon the court. *See id.*; DE 493-1. Plaintiff now seeks to exclude "any mention, disclosure, discussion, or any line of questioning from Defendant, Defendant's witnesses, and/or Defendant's Counsel, at any point during trial, regarding [Dr.] Roush's testimony [in the state case] or the Order entered [in the state case]." DE 493 at 7.

Any party may attack a witness's credibility. Fed. R. Evid. 607.[1] "[E]xtrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). Extrinsic evidence to attack credibility is evidence adduced by means other than cross-examination of the witness, such as through the admission of documents and recordings. *Extrinsic Evidence*, Black's Law Dictionary (11th ed. 2019). "[T]he absolute prohibition on extrinsic evidence applies only when the sole reason for proffering that evidence is to attack or support the witness' character for truthfulness." Advisory Committee Notes, 2003 Amendments (explaining that extrinsic evidence may be admissible for purposes other than showing character for truthfulness, such as contradiction, prior inconsistent statement, bias, and mental capacity).

However, a "court may, on cross-examination, allow [specific instances of a witness's conduct] to be inquired into if they are probative of the character for truthfulness or untruthfulness of . . . the witness; or . . . another witness whose character the witness being cross-examined has testified about." Fed. R. Evid. 608(b); *see also* Advisory Committee Notes, 1972 Proposed Rules ("Particular instances of conduct, though not the subject of criminal conviction, may be inquired into on cross-examination of the principal witness himself or of a witness who testifies concerning his character for truthfulness."). "If the witness denies the conduct, such acts may not be proved by extrinsic evidence and the questioning party must take the witness' answer, unless the evidence would be otherwise admissible as bearing on a material issue of the case." *United States v. Matthews*, 168 F.3d 1234, 1244 (11th Cir. 1999) (citation omitted).

---

[1] Plaintiff, in her motion, cites to Florida evidentiary law, but the Federal Rules of Evidence apply to evidentiary disputes in a federal diversity action. *See ML Healthcare Servs., LLC v. Publix Super Markets, Inc.*, 881 F.3d 1293, 1299 (11th Cir. 2018).

Rule 608(b) explicitly permits defense counsel, on cross-examination of Dr. Roush, to inquire into specific instances of conduct that are probative of his truthfulness, such as the instance in which Dr. Roush was found to have testified falsely in court. Thus, Plaintiff's motion to exclude "any mention, disclosure, discussion, or any line of questioning" on that topic is denied. To the extent that Defendant may seek to admit at trial any extrinsic evidence that Plaintiff sees as objectionable, the Court will address the issue at trial in the context of a particular objection and argument. Finally, the Court has discretion to limit the scope of any cross-examination at trial. *See id.* (stating that "[l]imitations on the scope and extent of cross-examination are matters expressly committed to the sound discretion of the trial judge"). Plaintiff's Motion in Limine Regarding Treating Physician Thomas Roush, M.D. [DE 493] is denied.

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion in Limine Regarding Plaintiff's Treating Physician Thomas Roush, M.D. [DE 493] is **DENIED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 12th day of December, 2019.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record