UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:16-CV-81977-ROSENBERG/REINHART

FABIOLA ORTEGA-GUZMAN,

    Plaintiff,

v.

SAM'S EAST, INC., *doing business as* SAM'S CLUB,

    Defendant.
_____/

## **ORDER DENYING PLAINTIFF'S SUPPLEMENTAL *DAUBERT* MOTION**

This matter comes before the Court on Plaintiff's Supplemental *Daubert* Motion to Preclude Testimony of Nicole Bonaparte Regarding Healthcare in Mexico. DE 492. The Motion has been fully briefed. The Court has carefully reviewed the Motion, the Response and Reply thereto [DE 497 and 499], Ms. Bonaparte's deposition testimony [DE 492-1] and the record and is otherwise fully advised in the premises.

On December 12, the Court issued an Order requiring supplemental information that the Court needed to evaluate Plaintiff's *Daubert* Motion. DE 501. Specifically, the Court noted that a review of Ms. Bonaparte's deposition testimony indicated that she planned to testify about particular medical costs in Mexico and that the Mexican constitution provides for a public healthcare system for Mexican citizens, and this testimony appeared to the Court to be fact testimony, rather than opinion testimony for which qualification as an expert witness may be necessary. *Id.* at 2. The Court ordered the parties to explain whether Ms. Bonaparte's testimony regarding Mexican healthcare would be fact or opinion testimony. *Id.*

Defendant responded that Ms. Bonaparte's testimony on Mexican healthcare is fact testimony. DE 503 at 1. Plaintiff responded that Ms. Bonaparte must qualify as an expert "in order to opine on the issue" but did not point to a specific opinion that Ms. Bonaparte is expected to offer. DE 502 at 1.

Based on Ms. Bonaparte's deposition testimony that indicates that she will provide fact testimony about Mexican healthcare, as well as on Defendant's representation that Ms. Bonaparte will serve only as a fact witness on this issue, Plaintiff's Supplemental *Daubert* Motion to Preclude Testimony of Nicole Bonaparte Regarding Healthcare in Mexico [DE 492] is denied. Should Defendant attempt to elicit opinion testimony from Ms. Bonaparte on this issue at trial, the Court will entertain an appropriate objection at that time.

The Court will note here that, should Ms. Bonaparte be asked to opine whether this particular Plaintiff qualifies for any particular level of medical coverage in Mexico, the information provided by Defendant thus far does not satisfy the Court that Ms. Bonaparte is qualified to give such an opinion. *See* DE 492-1 at 13 (testifying that she did not recall looking at whether there were requirements to be provided benefits); *id.* at 14 (testifying that she did not recall whether there were requirements to enroll in the public or private sector of the healthcare system in Mexico); *id.* at 15 (testifying that she did not recall whether there was an annual fee to be enrolled in a Mexican healthcare plan); *id.* at 19 (testifying that she did not "know to what level or degree that things are paid for"); *id.* (testifying that she did not know if there was "full coverage or partial coverage").

Finally, Plaintiff contends that admitting any testimony about Mexico will be prejudicial because it will unnecessarily raise the issue of her immigration status. DE 492 at 4, 9; DE 502 at

2. The Court previously ruled that Defendant may not reference Plaintiff's illegal immigration status and lack of a driver's license at trial. DE 430. That ruling stands. However, the Court also previously ruled that Defendant is entitled to present evidence on its affirmative defense that Plaintiff could mitigate her damages by receiving medical care in another country, here Mexico. *Id.* That ruling also stands. If Plaintiff seeks to have a limiting or cautionary instruction read at trial to accompany this evidence, she should propose such an instruction when submitting the proposed jury instructions.

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's Supplemental *Daubert* Motion to Preclude Testimony of Nicole Bonaparte Regarding Healthcare in Mexico [DE 492] is **DENIED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 17th day of December, 2019.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record